SOUTHWESTERN TELEGRAPH & TELEPHONE COMPANY *v*. ABELES.

Opinion delivered March 14, 1910.

1. ELECTRICITY—TELEPHONE WIRES—DUE CARE.—A telephone company, in maintaining its wires in a building, is required to exercise due care in selecting, placing and maintaining, in connection with its wires, such known and approved appliances as are reasonably necessary to guard against injuries. (Page 259.)

2. SAME—NEGLIGENCE IN MAINTAINING WIRES.—Where plaintiff was injured from an electrical shock received during an ordinary electrical disturbance while using defendant's telephone, and there was expert evidence tending to show that defendant was negligent in failing to use a ground wire, a finding of negligence on part of defendant will be sustained, though it was also proved that ground wire protectors were not in use in this State in connection with telephone wires. (Page 260.)

3. INSTRUCTION—OBJECTION TO FORM.—An objection to the mere form of an instruction should be specific. (Page 260.)

4. APPEAL AND ERROR—WHEN OBJECTIONS WAIVED.—Objections to evidence admitted or to remarks made by the trial court are waived where no exceptions were saved. (Page 261.)

5. ELECTRICITY—USE OF GROUND WIRES—RULES AS EVIDENCE OF NEGLIGENCE.
—Where plaintiff sued for injuries caused by defendant's failure to

use ground wires in maintaining its telephone wires, it was not error to permit plaintiff to show that defendant's rules called for the use of ground wires. (Page 262.)

6. DAMAGES—LOSS OF HEARING—EXCESSIVENESS.—Where plaintiff, a young man, was severely shocked by an electrical current, suffered greatly for several weeks after the injury, lost the hearing in one ear, and had the hearing in the other impaired, a verdict for $6,900 as damages was not excessive. (Page 262.)                           (

Appeal from Pulaski Circuit Court, Second Division; *James H. Stevenson,* Judge; affirmed.

### STATEMENT BY THE COURT.

Theodore D. Abeles instituted this action against the Southwestern Telegraph & Telephone Company to recover damages for physical injuries received by him on account of the alleged negligence of said company. From a verdict and judgment in his favor for $6,900 an appeal has been duly prosecuted to this court. The appellant owned and operated a system of telephone lines in the city of Little Rock, Ark., and one of its telephones had been installed in the office in the lumber yard of Charles T. Abeles & Company in said city. Appellee was an employee of Charles T. Abeles & Company, and a part of his duties was to answer telephone calls. On the 4th day of April, 1907, appellee was called to the telephone, and, while answering the call, he was severely injured. Appellee had put the receiver to his ear, and was using the telephone in the usual way at the time he received the injury. The physicians and the ear specialist who treated appellee testified that his hearing in the left ear was completely destroyed, and his hearing in the right ear somewhat impaired, although not seriously so. There had been April showers throughout the day on which appellee was injured. The testimony on the part of appellee tended to show that the storm was not an extraordinary one, but was of the ordinary kind incident to the season of the year, and was accompanied with the usual flashes of lightning; that at the time appellee received the injury the storm in the vicinity of the office where he was using the telephone had ceased.

Clem J. Drees, for appellee, testified that he graduated in electrical engineering from the State University in 1895, and had practiced his profession ever since. He said that he was

familiar with the installation of electrical appliances for the prevention or transmission of lightning and electricity. Here follows a question propounded to him and his answer:

"Q. I will ask you what was the proper way of installing a telephone in 1907 in regard to the safety from lighting or the transmission of lightning? A. The wires, on entering the building, should immediately be connected to a protective device which would protect the 'phone from lightning and also from abnormal currents and against what they call 'sneak' or small currents. There are three things to be guarded against in the 'phone: to be protected against crosses from outside wires and putting large currents into it, to protect it from lightning, and to protect it from small currents, called 'sneak currents.' These protective devices should be installed right at the point, or as close as possible to the point, where the wires enter the building where the 'phone is to be installed. Q. Explain to the jury what that protective device is. Give as plain a description of it as you can. A. These three protective devices against lightning, against abnormal currents, and against small currents, are sometimes separated, but they can be combined into one instrument. Frequently they are combined into one instrument. The protection against lightning is based on the theory that lightning generally follows the shortest path to the ground; it prefers the easiest path to the ground, rather than going through a long route or long circuit, so that lightning is shunted to the ground, or what we call 'short circuited' to the ground, by giving it a chance to go through a short circuit to the ground." Continuing, he explained in detail the action of lightning on these protective devices. He further stated that a protective device or lightning arrester, in the absence of a ground wire from the telephone, would be almost no protection against lightning. That the object of the ground wire is to convey the lightning from the lightning arrester to the ground. That the ground wire should be placed either on the outside or inside of the room, but generally it is placed on the outside.

The evidence shows that there was no ground wire in connection with the protective device or lightning arrester to the telephone in question.

The witnesses on the part of appellant, some of them being electrical engineers, testified that it was not the practice of tele-

phone companies to use ground wires in connection with lightning arresters for each telephone, but that ground wires were placed at stated intervals along the poles carrying the telephone wires. They testified that they were familiar with the construction of the telephone systems in the various towns and cities of this State, and that in none of these exchanges were any telephones equipped with lightning arresters or protectors, with ground wire attached to them at the telephone. That they considered the protective apparatus used by appellant much better than one to which is attached a ground wire. That appellant only uses lightning arresters or protective devices with ground wire attached on parts of its line where the telephone wires are laid underground.

Additional facts will be referred to in the opinion. We will not set out the instructions given or refused by the court. To do so would be to needlessly lengthen the opinion. Sufficient reference to them will be made in the opinion.

*Walter J. Terry,* for appellant.

1. Methods employed by other parties and companies in conducting a similar business is competent evidence as tending to show whether the particular party has exercised ordinary care. 117 Ga. 449; 97 Am. St. Rep. 169; 71 Ala. 509.

2. The first instruction is erroneous in that it assumes that the wires or instruments caused or contributed to the presence of the lightning, and does not submit to them the question they did so contribute. There was no evidence that they caused or contributed to attracting the lightning.

3. There was evidence that the stroke of lightning was of an extraordinary character. Appellant's fourth instruction should have been given. 9 S. W. 40.

4. The court should have given appellant's fifth instruction, in effect that, even though appellant was negligent, yet if the current of electricity was so great that a lightning arrester, properly located and having proper ground connection, would not have prevented the casualty, the jury should find for the defendant. 21 L. R. A. 723.

5. The court erred in refusing the eleventh instruction requested by appellant. Appellant was under no legal duty to

provide its wires with insulation sufficient to withstand a stroke of lightning. 63 L. R. A. 219.

*John W. Blackwood* and *Morris M. Cohn,* for appellee.

1. It was not necessary to reiterate and emphasize the allegations of the complaint, as the eleventh instruction requested by appellant sought to do. Not all of the allegations were relied on by appellee, and such of them as were relied on were fully covered in another instruction. 73 Ark. 183; 72 Ark. 384; 66 Ark. 523; 74 Ark. 133. The question of insulation was abandoned; no evidence was introduced concerning it. It is proper to refuse an instruction not warranted by the proof. 2 Crawford's Dig., col's. 1817, 1818. And it is prejudicial error to give an instruction based on a hypothesis unsupported by evidence. 70 Ark. 441; 63 Ark. 177; 14 Ark. 530.

2. Appellant's contention that the first instruction assumes that the wires or instruments caused or contributed to the presence of the lightning is not a reasonable conclusion. Under the instructions as a whole there could have been no finding for the plaintiff unless the jury found that there was no ground wire; that there should have been one; that such wire would have prevented the accident; that it occurred in an ordinary storm; and that there were known and approved devices which a reasonably prudent man would have used under similar circumstances. No other basis of liability was contended for, and the instructions covered the law of the case. 69 Ark. 558; 67 Ark. 1; 77 Ark. 458; 72 Vt. 441, 443, 444, 445; 48 Atl. 643; 42 L. R. A. 919; 116 S. W. 418; 1 Joyce, Electric Law, § 445f; 89 Ark. 581.

3. Had the testimony of Drees been incompetent, and proper exceptions saved, it was not prejudicial because the facts toward which it was directed were otherwise proved by competent evidence. 58 Ark. 125; *Id.* 374; *Id.* 446; 7 Ark. 542; 9 Ark. 545; 68 Ark. 607; 74 Ark. 417; 77 Ark. 453.

HART, J., (after stating the facts). 1. It is earnestly insisted by counsel for appellant that the evidence does not support the verdict. In other words, it is contended that the evidence, when considered in the light most favorable to appellee, did not warrant the jury in returning a verdict in his favor. In determining this question, it becomes necessary to ascertain

what is the duty of telephone companies in putting in and maintaining telephones.

In the case of *Southern Telegraph & Telephone Co.* v. *Evans* (Tex. Civ. Appeals), 116 S. W. 418, the court said: "The duty resting upon telephone companies to adopt precautions for preventing charges of atmospheric electricity from entering buildings over their telephone wires is thus stated by the Supreme Court of Vermont: 'Having undertaken to place and maintain the instrument in the house and connect it with its telephone line for the use of the deceased, in so doing it was under the duty to exercise the care of a prudent man under like circumstances. If, while in the exercise of such care, it had reasonable grounds to apprehend that lightning would be conducted over its wires to and into the house, and there do injury to persons or property, and there were known devices for arresting or dividing such lightning, so as to prevent injury therefrom to the house or persons therein, then it was the defendant's duty to exercise due care in selecting, placing and maintaining, in connection with its wires, such known and approved appliances as were reasonably necessary to guard against accidents that might fairly be expected when conducted to and into a house over its telephone wires.' " The following authorities are cited to the same effect: *Griffith* v. *New England Tel. & Tel. Co.,* 72 Vt. 441, 52 L. R. A. 919; *Southern Bell Tel. & Tel. Co.* v. *McTyer,* 137 Ala. 601, 97 Am. St. Rep. 62; 1 Joyce on Electric Law, § 445f. See also *Rural Home Telephone Co.* v. *Arnold* (Ky.), 119 S. W. 811; *Southwestern Tel. & Tel. Co.* v. *Bruce,* 89 Ark. 581.

Appellee, when injured, was in the discharge of his duty to his employers, and was using the telephone in the ordinary way. The evidence adduced in his behalf shows that he was not attempting to use it during a severe electrical storm. His own testimony tends to show that there was no storm in progress in the vicinity of the office when he went to use the telephone. The expert evidence adduced in his behalf tends to show that a protective device or lightning arrester without a ground wire attachment would be of almost no protection against lightning. His expert witness on that point went into details, and gave his reasons for his opinion. His testimony is flatly contradicted by the experts on the part of appellant; but that only

presents a conflict of evidence, upon which we are not called upon to pass. Counsel for appellant urges upon us that its telephones were constructed with the kind of lightning protectors generally in use in this State, and that protectors with ground wire attachments were nowhere in use in the State; but this testimony only tended to show that appellant had discharged its duty by using lightning arresters of the most practical kind and in general use; and it was still a question of fact for the jury to say if this was true. We have a statute requiring railroad companies to construct suitable and safe cattle guards in certain cases. In discussing the question of whether the evidence showed the company had discharged its duty, in the case of *Choctaw & Memphis Railroad Co.* v. *Goset,* 70 Ark. 427, the court said: "But the question is usually one of fact for the jury, and it would not be proper for the court to instruct them that the company has discharged its duty if the guard is similar to those used by other first-class railroads."

We are of the opinion that the facts and circumstances adduced in evidence, when considered in the light most favorable to appellee, warranted the jury in finding that the injury was received during an ordinary electrical disturbance, while appellee was using the telephone in the ordinary way, and that the failure on the part of appellant to attach a ground wire to its lightning arrester to the telephone in question was negligence, and that it was the proximate cause of the injury.

2. Counsel for appellant contends that the first instruction given by the court at the request of appellee assumes that the wires or instruments caused or contributed to the presence of the lightning. The objection is not tenable. The instruction merely defined the duty of appellant in installing its telephone to equip it with such appliances as were reasonably necessary to guard against injuries from lightning. Besides, the objection now urged, being to the form of the instruction, should have been met in the trial court by specific objection, which was not done. This rule has become too firmly established in this State to need a citation of authority to support it.

3. Counsel for appellant also insists that the court erred in refusing his fourth instruction, by which he sought to have the court tell the jury that, if they found the appellee had been

injured by an extraordinary stroke of lightning, appellant would not be liable.

This was not error because the appellee did not claim any right of recovery unless the jury found that he was injured in an ordinary electrical disturbance; and the instructions given by the court at the request of both appellant and appellee were predicated on the jury so finding.

4. Appellant's fifth instruction was completely covered by the eighth instruction given at the request of its counsel, and there was no error in refusing the fifth.

5. The eleventh instruction asked by counsel for appellant for the most part was covered by instructions given. A part of it was to the effect that appellant was under no legal duty to provide its wires entering into said building with insulating covering. No proof was offered to sustain this alleged ground of negligence, and appellee abandoned his right to recover under it. Hence the court did not err in refusing the instruction.

Other objections are made to some of the instructions, but we will not discuss them in detail. It is sufficient to say that the only ground of negligence relied upon by appellee for a recovery was the failure of appellant to equip its lightning arresters with a ground wire attachment, and this question, together with the other facts necessary to make appellant liable, was fully and fairly submitted to the jury by the instructions given by the court.

6. Again, counsel for appellant insists that the court erred in not excluding certain portions of Dr. Green's testimony, and in certain remarks made by the court when appellant's counsel made objections to the testimony. It is sufficient answer to this to say that no exceptions were saved either to the ruling of the court on the evidence or to the remarks made in doing so. Under the well established rules of this court, if any errors were committed, they have been waived.

7. Counsel for appellant next objects that the court permitted Drees to testify with reference to the general rules in vogue in the general business world, as to the installation of electric wiring in the city of Little Rock, with reference to lightning arresters or protective devices. An examination of the transcript shows that the witness did not answer the question

to which objection was made. He was instructed by the court to make his answer without reference to the code of rules, and he did so.

8. Counsel for appellant next insists that the court erred in admitting certain portions of the testimony of P. C. Ewing, but, inasmuch as he saved no exceptions to the ruling of the court, the objection must be considered as abandoned.

9. Counsel for appellant earnestly insists that the court erred in admitting appellee to read in evidence a part of appellant's printed specifications or rules with reference to ground wires. The objection to the introduction of the rule was that it was designed for protection against fire.

Appellant's foreman had testified for it that appellant had two methods of installing telephones. The new method by which the lightning arresters were provided with a ground wire attachment, and the old method, in which the ground wire was not used. We think the evidence was admissible, and the jury could consider it for what it was worth as tending to show that the installation of a telephone without a ground wire attached to its lightning arrester was dangerous, and that appellant recognized it to be so.

10. Counsel for appellant urgently presses upon us that the damages awarded by the jury are excessive. The testimony of eminent specialists shows that appellee was severely shocked, and that he suffered greatly for several weeks after the injury was received. The hearing in his right ear is impaired, and the hearing in his left ear is wholly destroyed. Appellee is a young man. This affliction and handicap he must bear throughout life, and we can not say that under such circumstances the verdict is excessive.

We find no error in the record, and the judgment will be affirmed.