PENINSULAR TELEPHONE COMPANY, A CORPORATION, *Plaintiff in Error*, v. S. E. McCASKILL, *Defendant in Error*.

1.  A telephone company may be liable in damages for a fire caused by its wires, transmitting electricity from lighting, it being shown that none of the usual safeguards were used.

2.  The court does not judicially know that the effects of lightning upon a telephone wire may not be minimized and rendered harmless by the precautions usually taken by telephone companies.

3.  It is not material whether a witness called as an expert sufficiently qualifies as such, if his testimony be in substantial accord with that produced by the objecting party.

4.  Under Chapter 5902, Laws of 1909, it is not a challenge

for cause, that a juror has served within a year as such in another court.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*J. J. Lunsford*, for Plaintiff in Error;

*F. M. Simonton*, for Defendant in Error.

Cockrell, J.—This is an action, sounding in tort, for the burning of a store by lightning, alleged to have been superinduced by the negligence of the telephone company in failing to provide the usual safeguards for carrying off the entra voltage of electricity. There was judgment after two verdicts in favor of the plaintiff.

It is insisted both upon the pleadings and upon the evidence that the loss was occasioned by an act of God, for which the company was in no wise responsible.

We are asked to take judicial knowledge of the fact that no known device can guard against the effects of a bolt of lightning, and therefore to say as matter of law, that the failure of the company to provide insulators or ground rods or other usual device, was not the approximate cause of the burning.

After a second verdict for the plaintiff we must assume it established that an overcharge of electricity from lightning was conveyed by the telephone wires of the defendant company, setting fire to the building and destroying it; we must further assume that there were none of the ordinary and usual safeguards against an

overcharge of electricity used on this occasion, and that the telephone in this building was installed without insulators or ground wire, which supposed precautions are in general if not universal use by all telephone companies operating overhead wires. We deem it also sufficiently established that lightning struck a pine tree, then glanced off or threw its static force upon the telephone wire about six feet away and was thence transmitted to the store building about a quarter mile distant; and further that no damage was done to other houses entered by the same wires which were there insulated and grounded.

While the courts need not accept the opinions of experts as to physical facts, yet when the opinions of the experts agree among themselves and accord with the common observations of us all, we may accept them, especially when the party complaining of the result has called these same experts to support his theory.

It is matter of common knowledge that lightning frequently plays along or near telephone lines and that our houses are secure though telephones are placed in them; rather than a menace a well installed telephone has come to be regarded a protection against the lightning's stroke. It may be true, that there is no protection against the destructive effects of a direct bolt of lightning of high voltage; but we must be wiser than we are, even after reading carefully the testimony of the experts of the plaintiff in error, to hold that the indirect effects of the indirect forces of a stroke of lightning may not be minimized and rendered harmless by those safeguards in such common use, and in so far as the evidence before us discloses such safeguards as have never failed to accomplish the uses for which they were designed.

In holding that it is actionable negligence to fail to provide any safeguards we are in line with what we con-

sider the great weight of authority. Southern Bell Telephone & Telegraph Co. v. McTyer, 137 Ala. 601, 34 South. Rep. 1020, 97 Am. St. Rep. 62; Southwestern Telegraph & Telephone Co. v. Abeles, 94 Ark. 254, 126 S. W. Rep. 724; Southwestern Telegraph & Telephone Co. v. Bruce, 89 Ark. 581, 117 S. W. Rep. 564; Griffith v. New England Telephone & Telegraph Co.; 72 Vt. 441, 48 Atl. Rep. 643, 52 L. R. A. 919; Southern Telegraph & Telephone Co. v. Evans, 54 Tex. Civ. App. 63, 116 S. W. Rep. 418. The decision, apparently looking to the contrary view, Phoenix Light & Fuel Co. v. Bennett, 8 Ariz. 314, 74 Pac. Rep. 48, 63 L. R. A. 219, has not gone unchallenged. See Joyce on Electricity. Sec. 445f.

It is immaterial whether Savage, a witness for the plaintiff below, sufficiently qualified as an expert; upon the material points of his testimony he was corroborated by the experts called by the other side.

The telephone company was refused a challenge for cause of two jurors because they had within a year served as jurors in the Criminal Court of Record for Hillsborough County. By Chapter 5902 Acts of 1909, it is made a ground of challenge for cause that one called as a juror "has served as a juror at any other term within one year." The Legislature does not say it shall be ground for challenge that the proffered juror has served in any court within one year, least in some counties where four different courts sit almost continuously there might be great embarrassment in the administration of justice, but reaching out against the "professional" juror or hangers on around certain courts, enables a party to challenge successfully without further showing one who has served "at any other term" of that particular court.

This disposes of all the questions called to our atten

tion on the brief of the plaintiff in error, and it follows that the judgment be affirmed.

WHITFIELD, C. J., and SHACKLEFORD, and HOCKER, J. J., concur.

TAYLOR, J., absent on account of illness.