HOLMES *v.* STATE.

Opinion delivered May 8, 1922.

1. INTOXICATING LIQUORS—EVIDENCE TO SUSTAIN CONVICTION.—Evidence *held* sufficient to sustain conviction of selling intoxicating liquor.

2. CRIMINAL LAW—REMARKS OF COURT.—Where the State's witness, in a prosecution for selling liquor, was asked whether he had seen defendant deliver whiskey at any other time or place, and in overruling an objection the court said that the testimony was admissible "as a circumstance to show that he was probably engaged in the business of selling liquor at the time this occurred, if it did occur; it goes to the jury in that way, and that way alone, and of the weight and effect thereof the jury is the sole and exclusive judge," the remarks did not constitute a comment on the weight of the testimony.

3. CRIMINAL LAW—GENERAL OBJECTION TO INSTRUCTION.—The court instructed the jury as follows: "If you find that any witness has wilfully sworn falsely as to any material fact in issue in the case, then you may disregard all the testimony of such witness, or you may give regard to that portion which you believe to be true, and disregard that portion which you believe to be false." *Held* not open to a general objection.

4. CRIMINAL LAW—FAILURE TO OBJECT TO IMPROPER REMARKS OF COURT.—Where no objection was made to the remarks of the court on the failure of the jury to reach a verdict, the error was waived.

5. CRIMINAL LAW—REMARKS OF COURT.—The trial court's remarks to the jury, upon report of a disagreement, that they had not considered the case long enough, that he was going to keep them together the rest of the week, and towards the end of the week would put them on bread and water, were improper.

Appeal from Mississippi Circuit Court, Chickasawba District; *R. E. L. Johnson,* Judge; affirmed.

*Davis, Costen & Harrison,* and *Gravette & Rayner,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

SMITH J. Appellant was convicted of selling intoxicating liquor, and has appealed.

It is first insisted that the evidence is not sufficient to sustain the verdict. But we do not agree with counsel in this contention. The State's case was made by a young man named T. E. McCullough, who testified substantially as follows: He and his father, W. E. McCullough, owned together a small mercantile business in the city of Blytheville, and on one occasion a salesman who sold and installed gum machines came into witness' place of business and went to work on some of his machines. The salesman was in an intoxicated condition. Appellant brought into the store a quart of moonshine whiskey, in a fruit jar, and set it over behind an ice box; he then went over to the salesman, who gave him $5, after which appellant left the store. Later the salesman was seen with some whiskey in a fruit jar similar to the one seen by witness McCullough. This witness had seen appellant on other occasions bring whiskey into the store.

It was admitted by appellant that he had on more than one occasion brought whiskey into the store, but he stated that in each instance he had brought the whiskey to W. E. McCullough, to whom it belonged and for whom he had been keeping it; and W. E. McCullough corroborated appellant in this statement. The transaction in which $5 changed hands was admitted, and the following explanation thereof offered. Appellant had bought one of the gum machines to be placed in a rooming-house owned by his wife and had made a deposit of $2.50 to cover his purchase. Appellant's wife decided not to buy the machine, and appellant so advised the salesman, who returned the deposit and in doing so gave appellant a five-dollar bill and received in change from appellant two dollars and fifty cents.

T. E. McCullough testified that he observed the parties closely, and no change was given by appellant to the salesman when he received the five-dollar bill.

Appellant sought, by the cross-examination of the State's witness, to secure the admission that the witness did not know the contents of the jar and was not certain that it contained whiskey. Without setting out the testimony as developed on cross-examination, we state our conclusion that the jury was fully warranted in finding that the jar contained whiskey and was delivered to the salesman, who paid appellant $5 therefor.

On direct examination of the State's witness, he was asked if he had seen appellant deliver any whiskey at any other time or place, and in overruling an objection to this question the court said the testimony was admissible "as a circumstance to show that he was probably engaged in the business of selling liquor at the time this occurred, if it did occur; it goes to the jury in that way and that way alone, and of the weight and effect thereof the jury is the sole and exclusive judge."

We think this remark of the court did not constitute a comment on the weight of the testimony. The testimony was in fact competent. *Casteel* v. *State,* 151 Ark. 69. We think, however, the better practice would have been for the court to have overruled appellant's objection without comment or explanation of the ruling.

Over appellant's objection the court gave an instruction numbered 2 reading as follows: "If you find that any witness has wilfully sworn falsely as to any material fact in issue in the case, then you may disregard all the testimony of such witness, or you may give regard to that portion which you believe to be true, and disregard that portion which you believe to be false."

We have here a record identical with that of the case of *Murchison* v. *State,* ante p. 300, where the same instruction was given. We there said a specific objection should have been made; and the general objection here made must be disposed of in the same manner.

On the hearing of the motion for new trial, counsel for appellant stated that he desired to introduce some evidence in support of his motion. The judge said: "If it isn't in the record, you have no right to prove it." Counsel then said: "The stenographer was not here at the time, your Honor, is the reason it wasn't taken. It was while the jury was deliberating, and I want now to offer proof that the court stated to the jury when they returned into open court, after several hours of consideration of their verdict in this case, and told the court that they were hopelessly hung and stood 10 to 2, and then the court stated to them that they had not considered the case long enough; that it was early in the week and that he was going to keep them together for the rest of the week and along toward the end of the week he would put them on bread and water." Thereupon the judge said: "All right, you don't have to put on your proof. I said that. Is there anything else?"

It is very earnestly insisted that this remark of the judge was improper and calls for the reversal of the judgment. But the majority of the court do not think so, for the reason that no objection was interposed when the remark was made. We are all of the opinion that the remark was highly improper and should not have been made; but the majority are of the opinion that the error was waived when appellant failed to object. In their opinion the attention of the court should have been called to the possible effect of the remark on the jury, thereby giving the judge an opportunity to withdraw it or to explain that it was not to be taken literally. It is the practice of this court to require an objection to be made in the trial below, and unless made there the error will be treated as waived; and this rule has been applied to remarks of the court as well as to other proceedings at the trial. 2 R. C. L. p. 92; *Southwestern Tel. & Tel. Co.* v. *Abeles,* 94 Ark. 254.

No error appearing, the judgment is affirmed.