MARTIN *v.* AETNA CASUALTY & SURETY CO.

5-3464                                                              387 S. W. 2d 334

Opinion delivered March 1, 1965.

*Fuller Highsmith, Smith, Williams, Friday & Bowen, Robert V. Light,* for appellant.

*Gentry & Gentry, Clayton Freeman,* for appellee.

JIM JOHNSON, Associate Justice. This is a suit against a hospital and its employee for injuries to a patient sustained while in the hospital.

Appellant Clay E. Martin was admitted to St. Vincent Infirmary on November 3, 1961, after suffering a fractured femur when his horse fell on him. The broken leg was set surgically and instead of a cast, a steel plate or bar was attached to the bone to hold the fracture site rigid. Thereafter, while appellant was in the hospital, this metal bar was broken and the leg re-injured.

On March 14, 1963, appellant filed suit in Pulaski Circuit Court, Third Division, against appellees Aetna Casualty & Surety Company, the hopsital's insurer, under the provisions of Ark. State. Ann. § 66-3240 (Supp. 1963), and Evelyn Willis, a hospital employee. The complaint alleged two separate re-injuries, the first on November 22, 1961, when the leg rest of a wheel chair in which appellant was seated collapsed, throwing his leg to the floor, resulting in displacement of the bone fragments and a breaking of the metal plate attached to the femur. The second injury occurred ten days later

while appellant was in traction when allegedly appellee Willis, the admitted agent of St. Vincent Infirmary, handled his broken leg so roughly or carelessly a further re-injury and displacement of the bone fragaments was caused.

The case was tried to a jury on February 10, 1964. The jury returned a verdict signed by nine jurors, which found for appellee Aetna Casualty & Surety Company. Appellant brings this appeal from judgment on the verdict dismissing his complaint.

For reversal appellant contends that the trial court erred in refusing to give his offered Instruction No. 9 which would have submitted the case to the jury on the theory of *res ipsa loquitur*.

The doctrine of *res ipsa loquitur* is a rule of evidence that comes into play when:

"And where the defendant owes a duty to plaintiff to use care, and an accident happens causing injury, and the accident is caused by the thing or instrumentality that is under the control or management of the defendant, and the accident is such that in the ordinary course of things it would not occur if those who have control and management use proper care, then, in the absence of evidence to the contrary, this would be evidence that the accident occurred from the lack of that proper care. In such case the happening of the accident from which the injury results is *prima facie* evidence of negligence, and shifts to the defendant the burden of proving that it was not caused through any lack of care on its part." *Southwestern Tel. & Tel. Co.* v. *Bruce*, 89 Ark. 581, 117 S. W. 564.

Appellant's testimony about the first re-injury was that he was placed in a hospital wheel chair, taken to the physiotherapy department where he underwent the prescribed physiotherapy, was returned to the wheel chair and taken back to his room by an orderly. The orderly left the room and before other hospital personnel came to put him back into bed, the leg rest which was extended straight out to hold up his leg suddenly

dropped, causing his leg to fall violently to the floor. The patient sharing the room then called the nurse. Appellant testified that he did not make any attempt to release the mechanism that held up the leg rest and had no idea, even at time of trial, how the mechanism was operated.

In harmony with this and other testimony, appellant offered his Instruction No. 9, as follows:

"If you find from a preponderance of the evidence in the case that Clay E. Martin sustained injuries as a result of collapse of the leg rest of a wheel chair occupied by him, and which was the property of St. Vincent Infirmary and maintained at the hospital for the purpose of furnishing it for use of its patients, and if you further find that the mechanism controlling and supporting the leg rest was located at a place on the chair making it concealed from the view of Clay E. Martin and if you further find that Clay E. Martin did not inspect or tamper in any way with this mechanism or any other part of the chair which control or affect the function of the leg rest, then you are instructed that this mechanism remained in the practical exclusive control of St. Vincent Infirmary during the times pertinent to this suit. You are further instructed that if you find that injury was caused to Clay E. Martin by a thing or instrumentality that was under the control or management of St. Vincent Infirmary, and the injury is such that, in the ordinary course of things, would not occur if those who had such control or management used proper care, the happening of the injury is prima facie evidence of negligence, and shifts to the defendant Aetna Casualty & Surety Company the burden of going forward with evidence that it was not caused through lack of care on the part of St. Vincent Infirmary."

Tested by the guide-lines laid down in *Southwestern Tel. & Tel. Co.* v. *Bruce, supra,* the evidence in the case at bar clearly contains every element necessary to entitle him to the benefit of the doctrine of *res ipsa loquitur.*

The summary of the court in *Pierce* v. *Goodling Amusement Co.,* 55 Abs. 556, 90 N. E. 2d 585 (Ohio App.,

1949), involving injury sustained on a merry-go-round, is particularly apt:

"All of the elements of the doctrine appear in this record. The instrumentality which produced the injury was under the sole control and management of the defendant. The means of explaining the accident, if it occurred as testified by the plaintiff, was within the knowledge of the defendant and the extent, sufficiency and timeliness of inspections of the device obviously could be known only to the defendant. Upon the facts adduced the accident is one which the jury could have found would not have occurred had the defendant used ordinary care to maintain the merry-go-round in a safe condition. The plaintiff, therefore, was entitled to the benefit of the inference of the negligence of defendant which the jury may have drawn by the showing of the happening of the accident and the manner in which it occurred."

It follows, therefore, the trial court erred in refusing to give appellant's Instruction No. 9, and for that error it is necessary that the entire case be reversed and the cause remanded for new trial.