RAILWAY COMPANY v. MITCHELL.

Opinion delivered March 18, 1893.

1. *Negligence of carrier—Derailment of car—*" Res ipsa loquitur."

In an action against a railroad company for personal injuries, evidence that the coach in which plaintiff was riding as a passenger was derailed and overturned, and that plaintiff was injured thereby, is sufficient to cast upon the company the burden of proving that the injury was not caused by want of care on its part.

2. *When presumption of negligence not overcome.*

The presumption of negligence on the part of a railroad company arising from proof of the derailment and overturning of a car, whereby a passenger is injured, is not overcome where the condition of the track at the place of accident, and of the coach in which the passenger was riding, is not shown.

3. *Carrier—Duty toward passenger.*

A railway company is bound to furnish for its passengers a reasonably safe and sufficient track and equipments, and to maintain them in a reasonably safe condition, so far as can be provided by the utmost human skill, diligence and foresight, and is liable to a passenger for slight negligence causing injury.

Appeal from Sebastian Circuit Court, Fort Smith District.

EDGAR E. BRYANT, Judge.

STATEMENT BY THE COURT.

The appellee, Mrs. Albert Mitchell, recovered a judgment against the St. Louis & San Francisco Railway Company for $2250, damages for injury received while a passenger on its railway, by the derailment and overturning of the car in which she was riding, at a switch on its road in the State of Kansas.

The railway company appealed to this court. The case was argued in this court upon the evidence, the instructions given not being considered, and upon the evidence this court determines the questions in the case.

The evidence tends to show that the train, in one of the cars of which the appellee was a passenger at the time of the injury complained of, was not running at an unusual rate of speed; that it seemed to be running all right; that the engine driving the train was a good one and in good condition; that the track of the railway was ballasted with stone and was in good condition; that the rails were steel; that the track had been inspected the day before or the day of the wreck, and found to be in good condition where the catastrophe occurred; that the switch was in good order and worked all right, and was found closed and locked when examined by the engineer after the accident; that the brakes used on the train were the "Improved Westinghouse Air-brakes," considered the best in use, and were in good order and condition; that the switch was a "split-switch," which is considered the best kind of a switch in use; that a small key which held a bolt that kept the lever in place was missing. That when the train reached the junction of the switch track with the main track, and when the engine, the baggage car and mail car had safely passed the point of junction, the engineer felt a sudden jerk of the train, and applied the brakes, but the car in which the appellee was a passenger left the main track and turned over, by which the appellee was injured. This car was found by the engineer after the wreck lying between the two tracks, with its front trucks on the main track and the rear trucks on the side track; the chair car and sleeper were both on the side track, standing up all right. The rear end of the sleeper was about one hundred feet from the junction of the switch with the main track. It does not appear in what capacity the man who inspected the

track the day of or the day before the accident was acting, or what his fitness for the business was.

It was shown that there was a car inspecter of the railway company at Wichita, thirty-five miles from the place where the wreck occurred, but it does not appear from the evidence that either he or anyone else had inspected the car that was derailed or the trucks under it before the accident, and there is no evidence as to their construction or condition before the wreck.

*E. D. Kenna* and *B. R. Davidson* for appellant.

1. Plaintiff failed to make a *prima facie* case. Mere proof of derailment does not raise a presumption of negligence. Hutch. on Car. sec. 739; Sh. & Redf. Neg. sec. 516; 18 N. Y. 534; 11 Wall. 129, 134–5; 114 U. S. 474; 12 A. & E. R. Cas. 163; 15 Wall. 524; Wharton, Neg. sec. 421; 96 Pa. St. 83. The cases in Arkansas are based upon our constitution and statutes. 52 Ark. 524; 48 *Id.* 460; 33 *Id.* 821; 49 *Id.* 535; 34 *Id.* 624. In those cases some defect was shown. In this case none was shown.

2. But even if the plaintiff made a *prima facie* case, it was completely rebutted by uncontradicted evidence. 52 Ark. 96; 33 Wis. 552; 50 N. H. 510.

*Clendenning, Read & Youmans* and *H. C. Mechem* for appellee.

1. Injury to a passenger caused by derailment of a car raises a presumption of negligence upon the part of the carrier. 51 Ark. 466; 11 Kas. 85. That is the common-law rule.

2. The evidence of defendant did not completely rebut this presumption. The jury evidently disbelieved the evidence as to a perfect track, perfect cars, etc., and their finding is conclusive. 88 Mo. 348.

3. But if they had believed it, it did not go far enough. It fails to show an inspection, or that the trucks were in good condition, etc.   122 Ind. 295.

HUGHES, J.   It is true that the burden was upon the appellee to show by proof that the railway company was guilty of negligence.   The mere fact that the appellee was injured, without more, was not sufficient to raise a presumption of negligence on the part of the railway company.   But the derailment of the car and its overturning, and the injury to the appellee thereby, being in the usual course, a logical inference of negligence might be drawn therefrom; hence they were sufficient to cast upon the appellant the burden of proving that the injury was not caused by any want of care on its part.   In such a case the maxim "*Res ipsa loquitur*" applies.   *Cotton* v. *Wood*, 8 C. B. 568; Whart. Neg. sec. 421; *Railway Co.* v. *Hopkins*, 54 Ark. 213; *Furnish* v. *Mo. Pac. Ry. Co.* 102 Mo. 452–3; *Holbrook* v. *Railroad Co.* 12 N. Y. 236; *Eureka Springs R. Co.* v. *Timmons*, 51 Ark. 459.

1. *Res ipsa loquitur.*

"The very point was decided in *( Christie* v. *Griggs )*, 2 Camp. 80, where it is said by Mansfield, Chief Justice, that he thought the plaintiff had made a *prima facie* case by proving his going on the coach and the damage he had suffered."   This is approved in *Stokes* v. *Saltonstall*, 13 Pet. (U. S.) 181, which was a case of suit for damages by the overturning of a stage coach,   See also *Sullivan* v. *Railroad Co.* 30 Pa. St. 239; *Central Railroad* v. *Freeman*, 75 Ga. 338, 339; *Kearney* v. *Railroad Co.*, *L. R.* 6 Queen's Bench, 759.

There appears to be no doubt that at common law the derailment and overturning of a railway coach by which an injury is inflicted upon a passenger, without more, makes a *prima facie* case of negligence on the part of the railway company.

**2. Presumption of negligence not overcome.** Was the *prima facie* case made, in the case at bar, of negligence on the part of the railway company overcome by proof? There was no evidence that a competent and proper person had inspected the railroad track and the switch where the accident occurred, or that any one had inspected the coach in which the appellee was a passenger, or the trucks, etc., upon which it rested. These may have been in bad condition and may have caused the accident for aught that appears.

**3. Duty of carrier toward passenger.** A railroad company is bound to furnish for its passengers a reasonably safe and sufficient track and equipments, and to maintain them in a reasonably safe condition, so far as can be provided by the utmost human skill, diligence and foresight, which is such skill, diligence and foresight as is exercised by a very cautious person under like circumstances. It is liable to a passenger for slight negligence causing injury.

The care required of a railroad company towards its passengers may also be defined as the highest practicable care, caution and diligence, which capable and faithful railroad men would exercise in similar circumstances. *Furnish* v. *Mo. Pac. R. Co.*, 102 Mo. 438, and Arkansas cases *passim*. The duty of the railroad company to exercise proper care to discover by inspection a defect in its track, equipments or appliances is an essential part of its obligation to passengers. *Id.* It does not appear to the court that the *prima facie* case made by the appellee of negligence upon the part of the railway company by proof of the derailment and overturning of the coach, and the consequent injury of the appellee was overcome by any evidence in the case.

The judgment is affirmed.