BENJAMIN MARSHALL et al., as Executors of JULIUS H. LOW-ENTHAL et al., Appellants, *v.* THE COMMERCIAL TRAVELERS' MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Respondent.

INSURANCE — CONSTRUCTION OF ACCIDENT INSURANCE POLICY — PUNCTUATION — RESOLUTION OF DOUBT IN FAVOR OF INSURED. Where an accident insurance policy provides that "Any member of this Association, who, during his membership, sustains by accident the loss of an arm or leg, or is injured by an accident, which injury shall result in the loss of an arm or leg, shall be entitled to, and shall receive as an indemnity for such loss, a sum equal to one-half the amount collected from an assessment as for one death, which sum shall not exceed twenty-five hundred dollars ($2,500); any member of this Association, who, during his membership, sustains by accident the loss of both arms, or both legs, or one arm and one leg, or is injured by an accident, which injury shall result in the loss of both arms or legs, or one arm and one leg, shall be entitled to, and shall receive as an indemnity for loss, a sum equal to the amount collected from an assessment as for one death, which sum shall not exceed five thousand dollars, provided such loss occur within three calendar months after the accident which causes it; and provided further, that the word 'loss' as used in this section, is hereby construed to mean actual amputation," the limitation in the second clause as to the time within which a loss must occur to entitle the assured to recover therefor would seem, from arrangement of the clauses and the punctuation, to have no application to the loss provided for in the first clause; but if any doubt or uncertainty exists as to such a construction it must be resolved in favor of the assured, since the insurer prepared the policy and is responsible for its language and the manner in which it was used; and, therefore, in an action upon the policy, the fact that the loss of a leg occurred more than three months after the injury will not bar a recovery.

*Marshall* v. *Com. Travelers' Mut. Acc. Assn.*, 57 App. Div. 636, reversed.

(Argued February 26, 1902; decided April 8, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 14, 1901, upon the submission of a controversy under section 1279 *et seq.* of the Code of Civil Procedure.

The nature of the controversy and the facts, so far as material, are stated in the opinion.

*Theodore E. Hancock* for appellants. The contract of insurance will be strictly construed against the defendant and,

if uncertain, will be construed most favorably to the insured. (*Rann* v. *H. Ins. Co.*, 59 N. Y. 387; *Kratzenstein* v. *W. Assur. Co.*, 116 N. Y. 54; *Sneck* v. *T. Ins. Co.*, 88 Hun, 94; affd., 156 N. Y. 669; *Paul* v. *T. Ins. Co.*, 112 N. Y. 472; *Griffey* v. *N. Y. C. Ins. Co.*, 100 N. Y. 417; *Hoffman* v. *A. Ins. Co.*, 32 N. Y. 405; *Herrman* v. *M. Ins. Co.*, 81 N. Y. 184; *Doer* v. *Dixon*, 9 East, 15; *Marvin* v. *Stone*, 2 Cow. 781.) The provisions of the policy and the constitution and by-laws of the defendant must be read together, and so read, constitute a contract of insurance issued by the defendant herein. (*Eagan* v. *Eagan*, 58 App. Div. 253; *Elliot* v. *Mutual Ben. Life*, 76 Hun, 378; *Demings* v. *Supreme Lodge K. of P.*, 131 N. Y. 522; *Collins* v. *Collins*, 30 App. Div. 341; *Fink* v. *D., L. & W. Mut. A. Soc.*, 57 App. Div. 507; *Matter of E. R. F. L. Assn.*, 131 N. Y. 354.) Under the contract of insurance a liability exists on the part of the defendant to pay the sum of $2,500. (*Tyrrell* v. *Mayor, etc.*, 159 N. Y. 239; *McCormack* v. *Mayor, etc.*, 14 Misc. Rep. 272–275; *Kratzenstein* v. *W. Assur. Co.*, 116 N. Y. 54; *Sneck* v. *T. Ins. Co.*, 88 Hun, 94; *Paul* v. *T. Ins. Co.*, 112 N. Y. 472; *Reynolds* v. *C. F. Ins. Co.*, 47 N. Y. 597; *Hoffman* v. *A. Ins. Co.*, 32 N. Y. 405–413; *Darrow* v. *F. F. Society*, 116 N. Y. 537; *Herrman* v. *M. Ins. Co.*, 81 N. Y. 184.)

*M. W. Van Auken* for respondent.

MARTIN, J. Confessedly the determination of this controversy is dependent upon the construction of a single section or paragraph of the defendant's constitution which is made a part of its policy or contract of insurance. The section to be considered reads as follows: " Any member of this Association, who, during his membership, sustains by accident the loss of an arm or leg, or is injured by an accident, which injury shall result in the loss of an arm or leg, shall be entitled to, and shall receive as an indemnity for such loss, a sum equal to one-half the amount collected from an assessment as for one death, which sum shall not exceed twenty-five hundred

dollars ($2,500); any member of this Association, who, during his membership, sustains by accident the loss of both arms, or both legs, or one arm and one leg, or is injured by an accident, which injury shall result in the loss of both arms or legs, or one arm and one leg, shall be entitled to, and shall receive as an indemnity for loss, a sum equal to the amount collected from an assessment as for one death, which sum shall not exceed five thousand dollars, provided such loss occur within three calendar months after the accident which causes it; and provided further, that the word 'loss' as used in this section, is hereby construed to mean actual amputation."

On the seventeenth of June, 1898, while the policy or certificate of insurance in suit was in full force and effect, the insured, the plaintiffs' testator, sustained a compound fracture of both bones of his left leg, the broken bones protruding through the flesh. He was subsequently taken to a hospital and, upon the twenty-third day of the following September, his leg was amputated which resulted in his death on the sixteenth of the following month. It will be observed that the injury occurred on the seventeenth day of June and the amputation took place upon the twenty-third of September, more than three months after the injury. The sole question presented is whether the words " provided such loss occur within three calendar months," contained in the second clause of the section quoted, apply to a loss provided for in the first. When the section under consideration is analyzed and its grammatical construction considered it becomes evident that, grammatically, the provision contained in the second clause related only to the injuries which were therein described. The first clause plainly provides for the payment of an amount which shall not exceed twenty-five hundred dollars for the loss of a single arm or leg. It, however, contains no provision limiting the time within which the loss must occur to entitle the assured to recover the indemnity therein provided for. It seems to be complete in itself and in no way to relate to the provision in the second clause that the loss must occur within three months. The second clause provides for a differ-

ent injury, one where by accident two limbs are lost. It not only provides for the payment of a much larger sum, but also that the loss must have occurred within three calendar months after the accident which caused it. The respondent contends that this limitation relates as well to the first provision of the section as to the second. That naturally and grammatically it relates only to the second there can be little doubt. The particular form or arrangement of this paragraph tends to sustain that conclusion. The first clause commences by describing the member to whom it relates, followed by a description of the loss to be sustained, and then provides the indemnity to which the member sustaining such loss is entitled. This clause there ends and a semi-colon follows. The second clause, which is not conjunctively connected with the first, commences by independently describing the member to whom it relates, which is a mere repetition of the description in the first, declares the loss he must sustain, provides the indemnity he is to receive, when a comma follows, and then appears the limitation upon which the defendant relies, succeeded by a semi-colon. If the purpose of this paragraph had been as now claimed by the defendant, there was no necessity to separate these clauses, nor to repeat in the second a description of the person to whom it related. If such had been its purpose, naturally the two clauses would have been connected by a conjunction and only the added loss and increased indemnity would have been stated in the second clause. We think it is quite manifest that an ordinary person reading this provision would naturally and at once reach the conclusion that the limit mentioned in the second clause related only to the loss described therein, and had no application to the loss first provided for. There seems to be little if any more connection between the first clause and the provision in the second clause containing the limitation of time relied upon by the defendant, than there would have been if these clauses had been in form absolutely independent and separate sentences. We regard the punctuation of these provisions as quite important.

In *Tyrrell* v. *Mayor, etc., of N. Y.* (159 N. Y. 239, 243), in discussing a similar question, Vann, J., said : " The punctuation, however, is subordinate to the text and is never allowed to control its plain meaning, but when the meaning is not plain, resort may be had to those marks, which for centuries have been in common use to divide writings into sentences, and sentences into paragraphs and clauses, in order to make the author's meaning clear." Here, as in that case, the sentences are each separated from and made independent of the others by an intervening semi-colon. In the case at bar the words of. limitation are not separated from the other words of the second clause by a semi-colon, but by a comma, which, as was said in the *Tyrrell* case, " indicates an intention to limit their application to the clause in which they appear."

If, however, there is any doubt or uncertainty as to the meaning of this policy, it must be resolved in favor of the plaintiffs upon the well-recognized ground that it was the defendant who prepared it, and if any doubt exists as to the meaning of the terms employed the defendant is responsible for it, as the language was wholly its own. " The reason of the rule that the language of an instrument is to be construed against the person who proposes it rather than against the person who is invited to accept it, is that men are supposed to take care of themselves, and that he who chooses the words by which a right is given ought to be. held to the strict interpretation of them rather than he who only accepts them." (*Gillet* v. *Bank of America,* 160 N. Y. 549, 555 ; *Mynard* v. *Syr., B. & N. Y. R. R. Co.,* 71 N. Y. 180 ; *Nicholas* v. *N. Y. C. & H. R. R. R. Co.,* 89 N. Y. 370 ; *Herrman* v. *Merchants' Ins. Co.,* 81 N. Y. 184 ; *Hoffman* v. *Ætna F. Ins. Co.,* 32 N. Y. 405.)

Where in an instrument like this, by one clause the rights of a party are clearly defined and plainly established, those rights should not be modified or defeated by a subsequent clause, unless it shows clearly that such was its plain and decisive purpose and effect. These considerations lead to the conclusion that the court below erred in holding that the fact

that the amputation of the leg of the plaintiff's intestate did not occur within three months of the time of his injury was a bar to a recovery in this action.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

Parker, Ch. J., Bartlett, Haight, Vann and Werner, JJ., concur; Cullen, J., dissents.

Judgment reversed, etc.