LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE
*v.* FORD.

## Opinion delivered February 21, 1927.

1. INSURANCE—CONSTRUCTION OF POLICY.—An insurance policy must be liberally construed in favor of the insured or beneficiary, and the limitations or restrictions upon the liability contracted for should be construed strictly and most strongly against the insurer.

2. INSURANCE—CONSTRUCTION OF POLICY.—Ambiguities in limitations or restrictions in insurance policies should be resolved against the insurer.

3. INSURANCE—CONSTRUCTION OF POLICY.—A provision in an accident policy that no indemnity will be paid "where the death or loss of members or eyesight does not occur within 30 days from the date of the accident," *held* to relate to the loss of two members, and not to the loss of one member only; the recovery for loss of one member being less than for the loss of two members.

4. PLEADING—EFFECT OF DEMURRER.—A demurrer to a complaint admits the truth of allegations and all reasonable inferences which can be drawn therefrom.

5. INSURANCE—CONSTRUCTION OF COMPLAINT.—Under an accident policy, in which plaintiff is named beneficiary, providing that "indemnity for the loss of life of the insured is payable to the beneficiary if surviving the insured," and that "all other indemnities of this policy are payable to the insured," a complaint alleging the loss of a limb of plaintiff's insured, a child six years old and bearing the same surname, from which loss the child subsequently died, *held* to justify a presumption, on general demurrer, that plaintiff was related to the child and entitled to his estate.

Appeal from Bradley Circuit Court; *Turner Butler,* Judge; affirmed.

*Wilson & Martin* and *Compere & Compere,* for appellant.

*DuVal L. Purkins,* for appellee.

HUMPHREYS, J.    Appellee instituted this suit against appellant in the circuit court of Bradley County on an accident insurance policy to recover, as beneficiary therein, $500 for the loss of the left limb of appellant's insured, Eugene Layton Ford, through external, violent and accidental means.    The policy was made a part of the complaint, and contains two paragraphs which, appellant contends, exempts it from liability under the facts alleged in the complaint.    The paragraphs referred to are as follows:

"No indemnity will be paid as the result of, or for injuries caused by, other means or under other conditions than those set forth above, nor where death or the loss of the members or eyesight does not occur within thirty days from the date of the accident."

"Indemnity for loss of life of the insured is payable to the beneficiary if surviving the insured, and otherwise to the estate of the insured.    All other indemnities of this policy are payable to the insured."

The indemnities provided for in the policy are as follows:

For loss of:

| | |
|---|---|
| Life | $1,000 |
| Both hands | 1,000 |
| Both feet | 1,000 |
| Sight of both eyes | 1,000 |
| One hand and one foot | 1,000 |
| One hand and sight of one eye | 1,000 |
| One foot and sight of one eye | 1,000 |
| Either hand | 500 |
| Either foot | 500 |
| Sight of either eye | 500 |

It was alleged in the complaint that, on or about October 20, 1924, appellant's insured, a boy six years old,

was standing on a little bridge, or culvert, which extends over the west curb just north of the Y. M. C. A. building in the city of Warren, Arkansas, when an automobile came down the street and turned upon said bridge or culvert, and, in some manner, struck and knocked the insured into a ditch and injured his left limb; that medical treatment was rendered him promptly, and that, on the 28th day of October, 1924, he was removed to a hospital, where an operation was performed on his left limb with a view to saving same without severance; that, no relief having been afforded, a second operation on said limb was performed on November 20, 1924, to determine finally if amputation was necessary, which operation determined the necessity of the removal of the limb, and, on the 29th day of November, 1924, the injured limb was removed above the knee joint; that, despite the removal of the limb and the best medical treatment, the insured showed no improvement, and, after lingering from the date of the injury, he died on the 19th day of February, 1925, from the result of the injury.

The first paragraph quoted herein is one of several liability limitations following the schedule of payments for losses set out above.

Appellant filed a general demurrer to the complaint, alleging that it failed to state sufficient facts to constitute a cause of action under the law, which was overruled by the court; and, declining to plead further, a judgment was rendered against it in the total sum of $660; the judgment includes the amount of the indemnity sued for, $100 attorney's fee, and a penalty of $60.

Appellant has duly prosecuted an appeal to this court from the judgment.

We understand that appellant does not question the amount of the judgment if any liability exists under the terms of the policy and the facts alleged in the complaint.

Its first contention for a reversal of the judgment is that, because the leg of the insured was not amputated within thirty days after the injury, it is exempt from liability by reason of the provision in the policy to the effect

"that no indemnity will be paid * * * where the death, or the loss of members or eyesight does not occur within thirty days from the date of the accident." Appellant is the author of the policy, so its provisions must be lib- erally construed in favor of the insured or beneficiary. Another way of stating the rule is that the limitations or restrictions upon the liability contracted for should be construed strictly and most strongly against the insurer. Another well-settled rule of construction is that, if the limitations or restrictions against liability contain ambi- guities, they should be resolved against the insurer rather than the insured or beneficiary. Applying these rules to the paragraph referred to, we think it necessarily relates to the loss of two members or the entire eyesight for which the insured agreed to pay $1,000 in the schedule of indemnities. There are two classes of indemnities in the schedule, one of $1,000 for the loss of two members of the body, and the other of $500 for the loss of one member. It will be observed that the language of the limitation is that "the loss of members or eyesight" must occur within thirty days from the date of the accident. It does not say that the loss of one member or one eye, or the loss of any member or either eye, must occur within thirty days from the date of the accident before the insurer shall be liable. Since two classes of indemnities are provided for in the schedule, and the restrictive clause mentions the "loss of the members or eyesight," it should be construed as relating to the class providing for payment in the event of loss of two members of the body and not to the class providing for the payment in the event of the loss of one member. Certainly it cannot be said that the limi- tation phrase is unambiguous, when read in connection with the schedule of indemnities. The construction put upon the limitation paragraph by us finds support, by parity of reasoning, in the well considered case of *Marshall* v. *Commercial Travelers' Mutual Accident Assn.,* 170 N. Y. 434, 63 N. E. 446.

Appellant's next and last contention for a reversal of the judgment is that, under the terms of the policy,

appellee, the beneficiary therein, is entitled to recover indemnity for the death of the insured only.    The paragraph relied upon by appellant in support of this contention is set out in the statement of the case, so it is unnecessary to quote it again.    A general demurrer was filed to the complaint, which raised the question below of the right of appellee to sue at all.    The question is therefore before us for consideration on appeal.    In determining the question, all inferences fairly deducible from the express allegations of the complaint must be considered. The demurrer admits the allegations and all reasonable inferences which can be drawn therefrom.    The basis of the suit is the policy.    It reflects that the insured, Eugene Layton Ford, was a child six years old, and that the beneficiary is Vol C. Ford.    It is clearly inferable that Vol C. Ford has some family relationship with the insured, Eugene Layton Ford, else he would not have had an insurable interest in him; and it is reasonably conceivable from the latter fact, and the further fact that they both bore the same surname, that the beneficiary was related in such a way to the insured as to entitle him to some part of the estate left by the deceased at his death. Appellee did not sue for the death indemnity but for the indemnity covering the loss of the child's limb, indicating that he was suing as the sole heir for the estate of the deceased. We think it reasonable to indulge the presumption, on general demurrer, that he was related to and entitled to the estate of the child.

No error appearing, the judgment is affirmed.

Justices SMITH and KIRBY dissent.