HERNDON *v.* GREGORY.

4-3835

Opinion delivered April 22, 1935.

Pace & Davis, Elmo CarlLee, Charles B. Thweatt and Tom W. Campbell, for appellant.

Roy D. Campbell, Ross Mathis and W. J. Dungan, for appellee.

McHaney, J. On April 18, 1933, appellant's intestate, Glen R. Herndon, G. W. Martin, W. N. Gregory and W. N. Gregory, Jr., were riding in an airplane from Augusta, Arkansas, to St. Louis, Missouri; W. N. Gregory being the owner of the airplane and his son, W. N. Gregory, Jr., being the pilot thereof, Messrs. Herndon and Martin being the guests of the Gregorys. At a point in Illinois, some distance out of St. Louis, the airplane fell to the ground and was destroyed by fire, all four of the occupants therein being instantly killed. This action was instituted in January, 1934, by appellant as the administratrix of the estate of Mr. Herndon, against the appellee as the executrix of the estate of W. N. Gregory, and as administratrix of the estate of W. N. Gregory, Jr., they being the respective widows of Mr. Herndon and Mr. W. N. Gregory. The complaint made the following allegations as grounds for recovery:

"On the said 18th day of April, 1933, because of the negligence of the said W. N. Gregory and the said W. N. Gregory, Jr., the said Glen R. Herndon was instantly killed in the State of Illinois. The death of the said Glen R. Herndon was caused by the negligence of the said W. N. Gregory, and the said W. N. Gregory, Jr., in this: That on the morning of the said 18th day of April, 1933, the said W. N. Gregory and the said W. N. Gregory, Jr., and the said Glen R. Herndon and Mr. G. W. Martin started to go from Augusta, Arkansas, to St. Louis by airplane. The said airplane was then and there owned by the said W. N. Gregory and the said W. N. Gregory, Jr., and it was on said trip piloted by the said W. N. Gregory, Jr. The said Glen R. Herndon became a passenger upon said airplane for the purpose of making said

trip at the request of the said W. N. Gregory and W. N. Gregory, Jr. The said Glen R. Herndon had never before ridden in nor been upon any airplane, and knew absolutely nothing about the management or control of that airplane or any airplane, and that fact was then and there well known to the said W. N. Gregory and the said W. N. Gregory, Jr. Upon said trip the said airplane was in and under the absolute control and management of the said W. N. Gregory and the said W. N. Gregory, Jr. When said airplane upon which the said Glen R. Herndon was a passenger on said day, and while said airplane was being piloted by the said W. N. Gregory, Jr., and while it was and at all times on said trip had been under the absolute control and management of the said W. N. Gregory and the said W. N. Gregory, Jr., reached a point approximately twenty-five miles south of East St. Louis, in the State of Illinois, because of the negligence of the said W. N. Gregory, Jr., and the said W. N. Gregory, said airplane fell, crashed to the ground, caught fire and burned, and the said Glen R. Herndon was thereby instantly killed. The exact character of the negligence of the said W. N. Gregory, Jr., and the said W. N. Gregory which caused the said airplane to crash, and to burn, and to kill the said Glen R. Herndon is not and cannot be known to this plaintiff, for the reason that the entire management and control of said airplane was in the said W. N. Gregory and the said W. N. Gregory, Jr.; but, had they not been negligent in respect to the management and control of said airplane, the same would not have fallen and burned and killed the said Herndon.

"Said W. N. Gregory was especially negligent in causing said death in that his said son, W. N. Gregory, Jr., was known by his said father to be unskilled in the handling and piloting of such an airplane, which fact was not known to said Herndon, yet said W. N. Gregory, with full knowledge of such danger, assured said Herndon that it was safe for him to make said trip in said airplane and urged him to do so."

Judgment for damages in a large sum was prayed against the estates of the father and son.

To the complaint a demurrer was interposed on two grounds: first, that the facts alleged in the complaint are insufficient to constitute a cause of action; second, "that said complaint shows that Glen R. Herndon, decedent of the plaintiff, and W. N. Gregory and W. N. Gregory, Jr., the decedents of the defendant herein, died on the 18th day of April, 1933, and said complaint does not show that the said W. N. Gregory and W. N. Gregory, Jr., survived the death of said Glen R. Herndon."

The trial court sustained the demurrer on both grounds, and, upon appellant's declining to plead further, the court dismissed said complaint at the cost of appellant. The case is here on appeal.

If the complaint fails to state a cause of action, and is open to general demurrer, then it will be unnecessary and beside the point to determine whether the cause of action survived, as held by the court on the second ground of demurrer, as the question would be academic. It is true, as we have said in many cases, that a demurrer to a complaint admits the truth of the allegations, and all reasonable inferences which can be drawn therefrom. *Life & Casualty Ins. Co. of Tenn.* v. *Ford,* 172 Ark. 1098, 292 S. W. 389. It is also true that a demurrer admits only those facts which are well pleaded. *Ready* v. *Ozan Investment Co., ante* p. 506, and cases there cited. It does not admit conclusions of law pleaded nor statement of facts not alleged to be the proximate cause of injury.

Appellant contends that the allegation in the complaint that "the death of the said Glen R. Herndon was caused by the negligence of the said W. N. Gregory and the said W. N. Gregory, Jr.," is alone sufficient to state a cause of action, and that a demurrer does not lie thereto, but only a motion to make more definite and certain. But a motion to make more definite and certain in respect to the particular negligence of appellee's decedents could not be complied with, as shown by a subsequent allegation of the complaint which states that: "The exact character of the negligence of the said W. N. Gregory, Jr., and the said W. N. Gregory which caused the said airplane to crash, and to burn, and to kill the said Glen R. Herndon is not and cannot be known to this plaintiff,

for the reason that the entire management and control of said airplane was in the said W. N. Gregory and the said W. N. Gregory, Jr.; but, had they not been negligent in respect to the management and control of said airplane, the same would not have fallen, and burned and killed the said Herndon.''

These latter allegations show conclusively that appellant not only did not know what the negligence was or consisted of which caused the airplane to fall, but shows that it cannot be known to her. It is clear, therefore, that appellant could not have complied with an order of the court requiring the complaint to be made more definite and certain in respect to the particular negligence which caused the airplane to fall, and her complaint would have had to be dismissed had a motion to make more definite and certain been filed and sustained by the court. The complaint was therefore demurrable unless the doctrine of *res ipsa loquitur* applies.

It is earnestly insisted by appellant that this doctrine does apply to the facts and circumstances of this case. This court applied the doctrine of *res ipsa loquitur* in *Chiles* v. *Ft. Smith Commission Co.,* 139 Ark. 489, 216 S. W. 11, in an action for damages for the death of plaintiff's decedent caused by an explosion in a four-story building in which said decedent was employed, and in which he was killed when the building was blown up. The complaint alleged that the building contained various gas and ammonia fixtures which were in the exclusive control of the defendants; that said decedent was rightfully in the building at the time of the explosion, but had no duty to perform in connection with the instrumentalities which occasioned the injury. The court held in that case that: ''A demurrer to this complaint was improperly sustained, and that the concurrence of the conditions alleged made applicable the doctrine of *res ipsa loquitur.*'' 1st Syllabus. The court there quoted with approval from Shearman and Redfield on Negligence, § 59, the following: ''When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the manage-

ment use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care."

The court also quoted with approval § 156, p. 187, 20 R. C. L., as follows: "More precisely, the doctrine *res ipsa loquitur* asserts that whenever a thing which produced an injury is shown to have been under the control and management of the defendant, and the occurrence is such as in the ordinary course of events does not happen if due care has been exercised, the fact of injury itself will be deemed to afford sufficient evidence to support a recovery in the absence of any explanation by the defendant tending to show that the injury was not due to his want of care. * * * The presumption of negligence herein considered is, of course, a rebuttable presumption. It imports merely that the plaintiff has made out a *prima facie* case which entitles him to a favorable finding unless the defendant introduces evidence to meet and offset its effect."

The same volume of R. C. L., § 155, p. 185, states the negative test as follows: "And a careful analysis of the better considered decisions shows that negligence will not be presumed from the mere fact of injury, when that fact is as consistent with the presumption that it was unavoidable as it is with negligence; and therefore if it be left in doubt what the cause of the accident was, or if it may as well be attributable to the act of God or unknown causes as to negligence, there is no such presumption."

Appellant cites a number of cases from this and other jurisdictions where the doctrine was applied and where the happening of the thing itself constitutes *prima facie* evidence of negligence. It was so held in the case of *Ark. Light & Power Co.* v. *Jackson*, 166 Ark. 633, 267 S. W. 359 and in *Sw. Tel. & Tel. Co.* v. *Bruce,* 89 Ark. 581, 117 S. W. 564, and in *Rd. Co.* v. *Mitchell*, 57 Ark. 418, 21 S. W. 883. We cannot agree that these cases furnish the basis for the application of the maxim to the facts and circumstances of this case. A careful consideration of them reveals that in each case the cause of injury and consequent damages can be fastened upon

human conduct in such a way that they could not have occurred in the ordinary course of human experience except through the negligence of a person or persons having exclusive control of the instrumentalities by means of which such injury was caused. None of the cases mentioned are comparable to the case at bar. The *res ipsa loquitur* rule has been applied by some courts in airplane cases, among which, cited and relied on by appellant in her reply brief, are the following: *Genero* v. *Ewing*, 28 Pac. (2d) 116; *Seaman* v. *Curtiss Flying Service Co.*, 247 N. Y. S. 251; *Smith* v. *O'Donnell*, 12 Pac. (2d) 933; *Stoll* v. *Curtis Flying Service, Inc.*, 1920 U. S. Aviation Reports 148; *McCusker* v. *Curtiss-Wright Flying Service, Inc.*, 269 Ill. App. 502, 521. But in each of these cases the complaint alleged some act of negligence or some unusual or out of the ordinary occurrence, justifying the application of the doctrine of *res ipsa loquitur*. Here, however, the complaint alleges nothing except that the airplane fell, and that what caused it to fall was unknown to the plaintiff. It is true that the complaint alleges that Gregory, Jr., was unskilled in the handling and piloting of such an airplane, and that Gregory, senior, knew him to be so, and that it was unknown to appellant's intestate. The complaint does not allege that the fact that Gregory, Jr., was unskilled in the handling and the piloting of an airplane had anything to do with causing this machine to fall. Assuming that he was an unskilled pilot, his lack of skill would have to be connected by proof in support of an allegation that his unskillfulness caused the airplane to fall, which could not be shown, even if such an allegation were present, because of the other allegation that appellant does not and cannot know the cause thereof. We think the correct rule with reference to the application of *res ipsa loquitur* doctrine to airplane travel is stated in Aeronautical Law by Davis on pages 293 and 294 of said work. It is there said:

"There is a recognized rule of law frequently applied with respect to land transportation, and to a lesser degree transportation by water, that if, in the use of an instrument of conveyance under the management of one charged with responsibility, an accident occurs, such as

ordinarily does not happen if those who have its management use proper care, a presumption of negligence arises from the happening of the accident. This, in fact, is expressing the rule of 'res ipsa loquitur.' It would seem that in applying such a rule to travel by air, consideration should be given to the extent of development and resultant safety of this mode of travel as compared to other means of travel. While it has been judicially recognized that aviation is no longer an experiment, it still is in its formative stage, and liability of the carrier should hardly be measured by the same rules of law governing transportation by land or water. Many new devices increasing safety of flight will doubtless be discovered, and that share of the present damage due to this mode of travel, still being in its infancy, should not in all fairness be borne entirely by the carrier, nor should the same degree of absolute liability be imposed now applicable to carriers using long established modes of travel and therefore will develop in the way of safety devices. This point, as well as the rule of assumption of risks, has been well illustrated by one writer in saying the passenger by air could hardly be expected to believe he is traveling with the same degree of safety as though he were to use an ox cart.

"The doctrine of res ipsa loquitur in determining the cause of the loss, has given way largely in maritime law to that attributing loss to unusual dangers or perils necessarily incident to the exposure to the elements in transportation by water.

"Practically all cases where the doctrine has been held to apply involve accidents which could not well have occurred without the intervention of man. With ships at sea the possibility of accidents occurring without the intervention of man or because of hazards beyond his control becomes more pronounced, and in fact no discussion of the doctrine can be found in the many books on maritime law. Here the doctrine of presumed negligence gives way almost entirely to the probability that the accident, unexplained, resulted from sources beyond the carrier's control and for which he is not liable. In the case of airplanes it is more probable the accident could occur

even if, 'in the ordinary course of things, proper care is used in its control'."

On page 295, the same author says: "It would appear that one taking flight in an airplane assumes certain apparent risks in this mode of travel which are of greater hazard than travel on land or water. Not only are the laws of gravitation being defied, but a high rate of speed is attained, and peril from the elements is greater. The inherent nature and risk of travel at great speed and altitude at the same time requires a high degree of care in the construction, inspection and navigation of an airplane. However, faulty construction of the airplane, or negligence in its management in flight, enter very little into consideration of the cause of loss of the many flyers who attempted a transoceanic flight and have never since been heard from. Many of the most skillful and best trained aviators, using the best constructed airplanes obtainable, have been lost. Usually public opinion presumes such loss attributable to storms, fog, air currents and other hazards of such travel. This gives rise to the belief that a rule of law with respect to air navigation or 'perils of the air' will be developed with the same force and effect as the established rule of 'perils of the sea' now applicable in maritime law. This exception to liability of a shipowner seems independent of any express exception in the contract of carriage."

We are therefore of the opinion that the *res ipsa loquitur* doctrine is not applicable in this case, and that no presumption of negligence arises "from the mere fact of injury, when that fact is as consistent with the presumption that it was unavoidable as it is with negligence." This accident may have been caused by one or more of a number of reasons over which the owner and operator of the airplane had no control; "and therefore if it be left in doubt what the cause of the accident was or if it may as well be attributable to the act of God or unknown causes as to negligence, there is no such presumption." If the complaint had alleged some particular act of negligence or some unusual or out of the ordinary occurrence, from which negligence might be presumed, such as cranking the engine without blocks in

front of the wheels as in the Genero case, *supra,* or attempting to land at too low and unsafe a speed or at a dangerous or unsafe place as in the Seamon and Stoll cases, *supra,* or had a collision occurred with another airplane as in the Smith case, *supra,* or had he in a careless and negligent manner piloted his plane into a tree as in the McCusker case, *supra,* then it would have alleged a fact over which human conduct had control which might give rise to the application of the doctrine of *res ipsa loquitur.* Not having done so, we are of the opinion that the complaint did not state a cause of action, and that the trial court correctly sustained the general demurrer thereto. This makes it unnecessary to decide whether the cause of action survived under the law of Illinois, where the injury occurred. Affirmed.

MEHAFFY, J., (dissenting). The only question involved in this case is; Does the complaint state a cause of action?

As shown by the majority opinion, the complaint alleges that W. N. Gregory and W. N. Gregory, Jr., were negligent, and that their negligence caused the death of Glen R. Herndon. It alleges that Herndon was a passenger on the airplane that was owned and operated by the Gregorys, and that Herndon knew absolutely nothing about the management or control of an airplane. The complaint alleges that because of the negligence of the Gregorys said airplane fell, crashed to the ground, caught fire and burned, and that the said Herndon was thereby instantly killed. The complaint alleges that the entire control and management of the airplane was in the Gregorys, and, if they had not been negligent in respect to the management and control of said airplane, the same would not have fallen. It further alleges that W. N. Gregory, Jr., was known by his father to be unskilled in handling and piloting of such airplane, and that this fact was not known to Herndon, and yet Gregory, with full knowledge of such danger, assured Herndon that it was safe to make the trip and urged him to do so.

It will be seen that there is a direct and positive allegation that W. N. Gregory, Jr., who was operating the airplane, was unskilled and that his father knew this

fact, and that Herndon did not know it. I know of no other way that one could allege that the pilot was unskilled.

It is admitted in the majority opinion that a demurrer admits the truth of the allegations and all reasonable inferences which can be drawn therefrom. I think a reasonable inference to be drawn from the statements made in the complaint is that Gregory, Jr., was incompetent, known to be incompetent, and that because of his lack of skill, the airplane crashed. Of course, if W. N. Gregory knew that his son was unskilled, W. N. Gregory, Jr., himself was bound to know it.

The majority opinion calls attention to but one case on the question of demurrer admitting the truth of the allegations, and that is *Life & Casualty Ins. Co. of Tenn.* v. *Ford,* 172 Ark. 1098, 292 S. W. (2d) 389, and states that the demurrer admits only those facts that are well pleaded.

In that case the court said: "In determining the question, all inferences fairly deducible from the express allegations of the complaint must be considered."

It is true that the appellant could not state the exact character of the negligence of W. N. Gregory, Jr., and W. N. Gregory, which caused the airplane to crash, but it was already stated in the complaint that Gregory, Jr., undertook to operate the airplane when he was not competent to do so. This was negligence, and I think that the allegation of incompetency on the part of Gregory was a sufficient statement of negligence, and, if there had been no other allegation in the complaint, it was not subject to demurrer.

In discussing the question of the sufficiency of a complaint when a general demurrer was filed, Chief Justice Hart stated the correct rule as follows: "Our Code drew a marked line of distinction between an entire failure to state any cause of action or defense on one side, which is to be taken advantage of by demurrer, and the statement of a cause of action or defense in an insufficient, uncertain or imperfect manner, which is to be corrected by a motion to render the pleading more definite and certain by amendment. The court has uniformly held that, if the

substantial facts which constitute a cause of action are stated in the complaint, or can be inferred by reasonable intendment by the matters which are set forth, although the allegations of these facts are imperfect or indefinite, such insufficiency should be met by a motion to make the averments more certain and cannot be corrected by demurrer. In short, if the facts stated, together with every reasonable inference therefrom, constitute a cause of action, then the demurrer should be overruled." *Shoptaw* v. *Sewell,* 185 Ark. 812, 49 S. W. (2d) 601. See also *Boone County Bd. of Education* v. *Taylor,* 185 Ark. 869, 50 S. W. (2d) 241; *Oliver* v. *Western Clay Drainage District,* 187 Ark. 539, 61 S. W. (2d) 442; *Gantt* v. *Ark. P. & L. Co.,* 189 Ark. 449, 74 S. W. (2d) 232; *Brown* v. *Mo. Pac. Trans. Co.,* 189 Ark. 885, 75 S. W. (2d) 1015; *Tyler* v. *Citizens' Bank,* 184 Ark. 332, 42 S. W. (2d) 385.

But the majority opinion says that *Ready* v. *Ozan Investment Co., ante* p. 506, holds that the demurrer does not admit conclusions of law pleaded nor statement of facts not alleged to be the proximate cause of the injury. It is not a conclusion of law to state that the pilot was unskilled, and it is not necessary in any complaint to state that the allegation of negligence is the proximate cause of the injury. But when the statement of negligence contained in the complaint is considered together with all reasonable inferences to be drawn therefrom, the conclusion that the negligence alleged was the proximate cause of the injury cannot be escaped. And if it were necessary to state that the negligence was the proximate cause of the injury, this amendment certainly could have been made if a motion to make more definite and certain had been filed.

So far as I know, the rule announced by Chief Justice HART has been adhered to by this court until the decision in the present case. But, if there were nothing stated in the complaint except that the plane fell and the parties were injured, this, under the rule of *res ipsa loquitur,* would state a cause of action. It seems clear that the plane would not have crashed and fallen unless the person operating it had been guilty of some negligence.

The majority opinion concedes the rule to be that when a thing which causes injury is shown to be under the management of defendant, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care. But they state that the cases cited by appellant do not furnish a basis for the application of the maxim to the facts and circumstances of this case. The majority opinion says that a careful consideration of these cases reveals that in each of them the injury and consequent damages can be fastened upon human conduct in such a way that they could not have occurred in the ordinary course of human experience, except through the negligence of a person or persons having exclusive control of the instrumentalities by means of which such injury was caused. I do not agree to this statement. The rule of *res ipsa loquitur* is applied where no act of negligence is known, in cases where it is simply known that it would not have happened in the ordinary course of things but for negligence. The majority opinion then calls attention to a number of airplane cases, but said in each of those cases that the complaint alleged some act of negligence. I think the majority are mistaken in this.

One of the cases cited is *Stall* v. *Curtiss Flying Service,* U. S. Aviation Reports, 1930, p. 148. The court in that case said, in discussing *res ipsa loquitur* :

"More precisely described, it means that the facts of the occurrence warrant the inference of negligence, in that they compel such an inference, that they furnish circumstantial evidence of negligence, where direct evidence of it may be lacking. But it is evidence to be weighed—not necessarily to be accepted as sufficient. The circumstances call for an explanation or rebuttal, not necessarily that they require one, but they make a case sufficient to present it to a jury for determination."

The rule of *res ipsa loquitur* does not mean that the accident could not happen if there were no negligence, but what it does mean is that it is such as does not ordinarily happen without negligence on the part of those in charge

of the instrumentalities, and the thing which occasioned the injury was in charge of the party sought to be charged.

Another of the cases cited by the majority is the case of *Smith* v. *O'Donnell*, 215 Cal. 714, 12 Pac. Rep. (2d) 933. That case arose out of a collision between two airplanes and the Supreme Court of California held that the doctrine of *res ipsa loquitur* applied.

Another case which the majority opinion says does not apply because there were special acts of negligence alleged is the case of *McCusker* v. *Curtiss Wright Flying Service*, 269 Ill. App. 502. In that case the Illinois court said: "Aviation is no longer an experiment. Great airplane lines are engaged in the transportation of passengers, mail and express. Their service covers the entire country, and it is a matter of common knowledge that such lines are held out to the public to be a safe means of transportation."

This case was decided in 1933, long after the book "Aeronautical Law" by Davis was published. Mr. Davis discussed the rule of *res ipsa loquitur*, and the risks mentioned would be a defense to an action for damages, but that fact does not in any way modify the rule of *res ipsa loquitur*. *Res ipsa loquitur* simply applies when an accident occurs which would not happen in the ordinary course of things without negligence. Some of the cases referred to discuss act of God in storms and fogs and other things that might cause an airplane to crash, but this is beside the question. The question here is: Does the complaint state a cause of action by merely stating that the plane fell because of the negligence of the pilot? These matters discussed by Davis and others would be matters of defense. The passenger might be guilty of contributory negligence, he might assume the risk, the accident might have been caused by the act of God, but the fact is that under the rule of *res ipsa loquitur* a complaint is not demurrable if it states that the plane fell because of the negligence of the pilot.

In Aeronautical Law by Davis, the author, in his paragraph on *res ipsa loquitur*, cites three cases, and not a one of them supports the text. The first case cited is

*National Biscuit Co.* v. *Wilson,* 82 N. E. 916. In that case the plaintiff was injured by the fall of a freight elevator. It was not held that the complaint would be defective if it simply stated the accident, but it was held in the trial of the case that the happening of the accident in that case was not *prima facie* proof of negligence. But it must be remembered that this was in the trial of the case, and not as to the sufficiency of the complaint.

The next case cited by Davis is *Stares* v. *Stern,* 91 N. Y. S. 821. That was also a suit for injuries caused by the fall of an elevator. It has no application to the question of the sufficiency of the complaint. As a matter of fact, the complaint was held sufficient, but in the trial of the case it was held that the fall of the elevator, under the circumstances and evidence in that case, was not *prima facie* evidence of negligence. Both these cases cited will be seen to be cases of employees suing the masters for injuries.

The other case cited by Davis is *Hesse* v. *Rath-Mayer,* 230 N. Y. S. 677. That was a question of the constitutionality of the law authorizing indebtedness for constructing and maintaining airports or landing fields, and the question was whether that was a city purpose. The court in discussing the case said: ''We may take judicial notice of the fact that aviation is no longer an experiment. Large sums of money have been expended and are being expended by municipalities in providing suitable airports. Commercial and passenger lines have been established for the transportation of passengers, mail and express. Railroads have established schedules in connection with air transportation companies for the more rapid transportation of passengers and valuable express, and the government has availed itself of air transportation in carrying mails.''

Why the author should cite either of the above cases as supporting his statements as to the law of *res ipsa loquitur,* I do not understand.

In the case of *Seamen* v. *Curtiss Flying Service,* 231 App. Div. 867, 247 N. Y. S. 251, another case cited by the majority, the court said: ''The charge was likewise prejudicial in its failure to charge the doctrine of *res ipsa*

*loquitur,* which had, under the facts appearing in this record, application to this case as a rule of evidence to aid the jury in passing upon the issue of liability."

In the case of *Genero* v. *Ewing,* 176 Wash. 78, 28 Pac. Rep. (2d) 116, the court said: "In our opinion *res ipsa loquitur* means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. *Res ipsa loquitur,* where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is whether the preponderance of the evidence is with the plaintiff.".

The majority opinion says that the accident may have been caused by one or more of a number of reasons over which the owner and operator of the airplane had no control, "and therefore if it be left in doubt what the cause of the accident was, or if it may as well be attributable to the act of God or unknown cause as to negligence, there is no such presumption."

I think the above statement from the majority opinion is not supported by the authorities. Of course, the accident may have been caused by any number of things, but the fact remains that when an accident happens to a machine in the absolute control of a person, and if it would not happen in the ordinary course of things, there is a presumption of negligence. There may be many causes, the act of God, and numbers of other reasons, but these are matters of defense. The majority then say that if the complaint had alleged some particular act of negligence or some unusual or out of the ordinary occurrence, from which negligence might be presumed, such as cranking the engine without blocks, attempting to land too low and unsafe a speed or at a dangerous or unsafe place, or had a collision occurred with another plane, or if he had negligently piloted his plane into

718

a tree, then he would have alleged a fact over which human conduct had control, which might give rise to the application of *res ipsa loquitur*.

If he had alleged these things and alleged that they were negligently done, there would be no reason to invoke the doctrine of *res ipsa loquitur*, it would state a cause of action without regard to that doctrine. It is a matter of common knowledge that airplanes are flying all over the country, and it is said that there are fewer accidents than occur on railroads, and much fewer than automobile accidents. It is true that where the doctrine of *res ipsa loquitur* applies it does not mean necessarily that there is liability, but it means only that it states a cause of action which is not subject to demurrer.

It should be held in mind that the only question before the court is whether the complaint, with the facts stated and all the facts that may be inferred by reasonable intendment, states a cause of action under the rule above cited as announced by Chief Justice Hart.

I think the demurrer should have been overruled on both grounds.

I am authorized to say that Chief Justice Johnson and Justice Humphreys agree with me in this dissenting opinion.