MAX ROSENTHAL, Respondent, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.— Action brought in the Municipal Court of the City of New York, Borough of Brooklyn, to recover disability benefits under the provisions of a life and endowment policy. The Municipal Court made two orders — one denying plaintiff's motion for summary judgment, and the other granting defendant's motion for the same relief. It also entered a judgment dismissing the complaint on the merits. The plaintiff appealed to the Appellate Term, which reversed the orders and judgment, denied defendant's motion and granted plaintiff's motion. From the order of the Appellate Term the defendant appeals to this court. The provisions in respect to the payment of disability before age sixty and after age sixty were ambiguous. The plaintiff suffered disability before he reached the age of sixty but at a time after the anniversary of the policy nearest to his sixtieth birthday. Under the construction given by the appellant insurance company, he would not receive disability benefits, but would only be entitled to the waiver of premiums which the policy provided should occur " after attaining age sixty." If we adopt this construction literally, there would be a period during which the plaintiff would not be protected at all — from February 1 to July 14, 1934. The language of the policy is that of the company, and if the meaning thereof is doubtful or ambiguous it must be construed favorably to the insured. (*Marshall* v. *Com. Travelers' Mut. Acc. Assn.*, 170 N. Y. 434, 438, and *Nellis* v. *Western Life Indemnity Co.*, 207 id. 320.) Order of Appellate Term unanimously affirmed, with costs. Present — Lazansky, P. J., Young, Carswell, Davis and Adel, JJ.

RENEE SCHWEIT, an Infant, by MAX SCHWEIT, Her Guardian ad Litem, and MAX SCHWEIT, Appellants, v. HARUM SCARUM AMUSEMENT CORP., Respondent. — Action to recover damages for personal injuries to infant plaintiff, suffered while in a revolving barrel maintained for profit for amusement of defendant's patrons, of whom infant plaintiff was one, and alleged to have been caused by defendant's negligence, and by the father to recover for medical expenses. Judgment dismissing the complaint reversed upon the law and a new trial granted, with costs to appellants to abide the event. It was error to nonsuit plaintiffs. Under the circumstances disclosed by this record, it was for the jury to determine whether, in the exercise of reasonable care, the defendant should have furnished an attendant to supervise the use of the barrel. (*Rega* v. *Luna Amusement Co.*, 243 App. Div. 725; *Maggio* v. *Board of Education*, 219 id. 802.) Lazansky, P. J., Young, Hagarty, Johnston and Taylor, JJ., concur.