ANNA ROSENTHAL, Respondent, *v.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.

Second Department, May 13, 1938.

*James D. Ewing*, for the appellant.

*Samuel W. Sherman*, for the respondent.

HAGARTY, J. A partial defense to an action for the proceeds of five insurance policies on the life of Max Rosenthal, deceased, is that Rosenthal was in fact four years older than appears from the date of his birth as stated in his applications for such insurance, namely, July 10, 1874. Plaintiff has secured partial judgment for the sums of money as to which there is no dispute, and now contends that the question of the age of the insured was the subject of a prior adjudication between the parties which is conclusive of that issue in the present litigation.

Four of the five policies contained disability benefit provisions of two types, namely, for disability occurring prior to the anniversary of the policy upon which the insured's age at nearest birthday is sixty and for disability incurred after age sixty. In June, 1934, the insured notified the company of a claim for disability benefits under each of the four policies and claimed that the disability commenced as of the 18th day of March, 1934. One of the policies, No. 3,107,609, had been issued on or about the 1st day of February, 1923. Accepting the date of birth as stated in the application, the defendant maintained that, inasmuch as the insured had arrived at the age of sixty on the 10th day of July, 1934, the disability arose after the anniversary date of this policy nearest such event, and that thereunder the insured was not entitled to the before age sixty benefits. The insured brought action on that policy to recover the before age benefits, and judgment in the Municipal Court for defendant was reversed by the Appellate Term and judgment granted plaintiff. The order of the Appellate Term was affirmed by this court, and on appeal to the Court of Appeals the judgment entered on the order of this court was affirmed. (*Rosenthal* v. *Equitable Life Assurance Society of United States*, 247 App. Div. 755; affd., without opinion, 273 N. Y. 522.)

The present action, of course, is under a different claim, and the judgment in the former action, if applicable at all, would simply operate to estop defendant from putting in issue a material fact which had been judicially determined. The authority of *Hollenbeck* v. *Ætna Casualty & Surety Co.* (215 App. Div. 609; affd., without opinion, 243 N. Y. 540) is, therefore, without application, as the second action in that case was brought to recover for the same liability that was the subject of a prior action wherein the complaint had been dismissed by a judgment that did not recite

that such dismissal was without prejudice. The former judgment, therefore, served as a bar to the commencement of a new action.

It will be observed, however, that in the case we are reviewing the age of the decedent was not placed in issue in the former action. The question there decided was purely one of law, upon conceded facts, as to the manner in which the language of an insurance policy should be construed with respect to disability benefits. The age of the insured was not litigated and determined in the former action, and so the doctrine of estoppel is inapplicable. (*Marine T. Corp.* v. *Switzerland G. Ins. Co.*, 263 N. Y. 139; *United States Fidelity & Guaranty Co.* v. *McCarthy*, 33 F. [2d] 7, 9; certiorari denied, 280 U. S. 590.)

The order granting plaintiff's motion for partial summary judgment and the judgment entered thereon should be reversed on the law, with ten dollars costs and disbursements, and the motion denied.

LAZANSKY, P. J., DAVIS, JOHNSTON and TAYLOR, JJ., concur.

Order granting plaintiff's motion for partial summary judgment and judgment entered thereon reversed on the law, with ten dollars costs and disbursements, and motion denied.